UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

DOMINICK WALTERS,

                                        Plaintiff,

              -against-

THE CITY OF NEW YORK, POLICE OFFICER
MICHAEL KREIMAN, shield # 10939 and POLICE
OFFICER DAVID VELEZ, Shield # 26965,

                                        Defendants.

**11 CV 357 (GBD)**

**AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

------------------------------------------------------------------- X

## PRELIMINARY STATEMENT

1. This is a civil rights action to recover money damages arising out of defendants' violation of plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and of rights secured by the First, Fourth, and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. Plaintiff, while lawfully conducting business at 2800 Sedgwick Avenue in the County of the Bronx, State of New York, was subject to an improper stop and was unlawfully arrested by New York City police officers. Additionally, New York City police officers used excessive force against plaintiff during the course of the arrest. Plaintiff was deprived of his constitutional and common law rights when the individual defendants unlawfully confined plaintiff, caused the unjustifiable arrest of plaintiff, and used excessive force against plaintiff.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331, 1342 (3) and (4) and the aforementioned statutory and constitutional provisions.

## VENUE

3. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) and § 1402 (b) because the claims arose in this district.

## PARTIES

4. Plaintiff Dominick Walters is a citizen of the United States and a resident of the County of Bronx, City and State of New York.

5. Police Officer Michael Kreiman, shield # 10939, is and was at all times relevant herein an officer, employee, and agent of the New York City Police Department.

6. On the date of incident, March 5, 2010, Police Officer Michael Kreiman, shield # 10939, was assigned to the 50th Precinct.

7. Police Officer Michael Kreiman, shield # 10939, is being sued in his individual capacity and official capacity.

8. Police Officer David Velez, shield # 26965, is and was at all times relevant herein an officer, employee, and agent of the New York City Police Department.

9. On the date of incident, March 5, 2010, Police Officer David Valez, shield # 26965, was assigned to the 50th Precinct.

10. Police Officer David Valez, shield # 26965, is being sued in his individual capacity and official capacity

11. At all times relevant herein, the individually named police officer defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the New York City Police Department at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the New York City Police Department and incidental to the lawful pursuit of their duties as officers, employees and agents of the New York City Police Department.

12. Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The defendant City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the New York City Police Department.

## STATEMENT OF FACTS

13. On March 5, 2010 plaintiff Dominick Walters was employed by JMS Direct, Inc., a marketing company.

14. On March 5, 2010 plaintiff Dominick Walters was assigned by his employer JMS Direct, Inc. to work on a marketing campaign for IDT Energy, Inc.

15. Appointments were scheduled with potential customers of IDT Energy, Inc. and plaintiff was sent to those customers' homes to discuss the services that IDT Energy, Inc. provides.

16. On March 5, 2010 at approximately 3:00 p.m. plaintiff Dominick Walters and a co-worker were scheduled to meet with an individual inside of 2800 Sedwick Avenue, County of the Bronx, State of New York.

17. On March 5, 2010, plaintiff Dominick Walters and his co-worker arrived at 2800 Sedwick Avenue, County of Bronx, State of New York shortly before their scheduled appointment time.

18. Plaintiff Dominick Walters and his co-worker were dressed in business attire.

19. Plaintiff Dominick Walters and his co-worker wore employment identification that was visible at all times.

20. Upon approaching 2800 Sedwick Avenue, plaintiff and/or his co-worker rang the buzzer for the apartment they had an appointment to visit.

21. The individual that plaintiff and his co-worker were scheduled to meet buzzed them into the building and they proceeded to the apartment where their meeting was scheduled to occur.

22. Plaintiff and his co-worker were lawfully present inside of 2800 Sedwick Avenue, as a tenant of the building invited them to the building and buzzed them into the building.

23. Plaintiff's co-worker knocked on the door of the apartment they were scheduled to visit and the tenant of the apartment opened the door.

24. Before plaintiff and his co-worker could enter the apartment they were approached by defendants.

25. Defendants immediately accused plaintiff and his co-worker of impersonating a Consolidated Edison Worker.

26. Defendants falsely advised the tenant of the apartment that plaintiff and his co-worker were trying to steal her personal identifying information.

27. Plaintiff and his co-worker explained to Defendants that they were not employed by Consolidated Edison Company, they showed the officers their employment identification tags, and even gave the officers the telephone number for their employer.

28. Nevertheless, Defendants handcuffed plaintiff at approximately 3:30 p.m. on March 5, 2010.

29. Defendant transported plaintiff to the 50th Precinct stationhouse.

30. Defendant were also advised that plaintiff was legally in the building, but they did nothing to stop the unlawful arrest of plaintiff.

31. Plaintiff was photographed, fingerprinted, and placed in a holding cell at the stationhouse.

32. Thereafter, plaintiff was transported to Central Booking by defendants.

33. On the drive to Bronx Central Booking plaintiff complained that the handcuffs were too tight and were cutting his wrists.

34. Defendants refused to loosen the handcuffs on plaintiff's wrists, which caused plaintiff to suffer permanent skin discoloration on his wrists.

35. At Bronx Central Booking, plaintiff advised the Correction Officers that he had sickle cell anemia and was having an attack.

36. Plaintiff was transported from Bronx Central Booking to North Central Bronx Hospital on March 6, 2010 after 11:00 p.m.

37. The doctor's at North Central Bronx Hospital did not provide plaintiff with the treatment he normally receives when he is having a sickle cell anemia attack.

38. Plaintiff was released from North Central Bronx Hospital at approximately 5:00 a.m. on March 7, 2010 and transported back to Bronx Central Booking.

39. Plaintiff was arraigned on the afternoon of March 7, 2010 and after approximately forty-eight (48) hours in police custody he was released on his own recognizance.

40. Defendants falsely charged plaintiff with Criminal Trespass in the Second Degree (P.L. 140.15), Unlawful Possession of Personal ID Information (P.L. 190.81), Criminal Impersonation (P.L. 190.25), Criminal Trespass in the Third Degree (140.10), Trespass (140.05), and Harassment (P.L. 240.26).

41. All charges against plaintiff were ultimately dismissed.

42. Plaintiff missed three days from work as a result of his unlawful arrest on March 5, 2010.

43. Plaintiff was fired from his job as a result of his unlawful arrest on March 5, 2010.

44. Defendants lacked probable cause to arrest plaintiff.

45. The false arrest of plaintiff and the excessive force used against him by the individually named police officer defendants caused plaintiff to sustain psychological and emotional trauma. Moreover, the false arrest of plaintiff caused plaintiff to lose his job.

## FIRST CAUSE OF ACTION

## Violation of Plaintiff's Fourth Amendment and Fourteenth Amendment Rights

46. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 45 with the same force and effect as if more fully set forth at length herein.

47. The individually named police officer defendants were acting in concert and within the scope of their authority, arrested and caused plaintiff to be imprisoned without probable cause in violation of plaintiff's right to be free of an unreasonable seizure under the Fourth Amendment of the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

## SECOND CAUSE OF ACTION

## False Arrest

48. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 47 with the same force and effect as if more fully set forth at length herein.

49. The acts and conduct of the defendants constitute false arrest and false imprisonment under the laws of the State of New York and under the Fourth Amendment to the United States Constitution. Defendants intended to confine plaintiff and, in fact, confined plaintiff, and plaintiff was conscious of the confinement. In addition, plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

50. The individually named police officer defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

## THIRD CAUSE OF ACTION

### Violation of Plaintiff's Fourth And Fourteenth Amendment Rights

51. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 50 with the same force and effect as if more fully set forth at length herein.

52. The use of excessive force by Defendants in tightly handcuffing plaintiff was an objectively unreasonable physical seizure of plaintiff in violation of his rights under the Fourth Amendment to the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

## FOURTH CAUSE OF ACTION

### Failure to Intervene

53. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 52 with the same force and effect as if more fully set forth at length herein.

54. The individually named police officer defendants had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in their presence by other officers.

55. Defendants failed to intervene to prevent the unlawful conduct described herein.

56. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subject to other physical constraints.

57. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

58. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

## FIFTH CAUSE OF ACTION

### Unlawful Stop

59. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 58 with the same force and effect as if more fully set forth at length herein.

60. The conduct of defendants in stopping plaintiff were performed under color of law and without any reasonable suspicion of criminality or other constitutionally required grounds.

61. As a direct and proximate result of such acts, defendants deprived plaintiff of his Fourth and Fourteenth Amendment rights in violation of 42 U.S.C. §1983.

62. As a result of the aforementioned conduct of defendants, plaintiff Dominick Walters sustained injuries.

63. Defendants collectively and individually, while acting under color of state law were directly and actively involved in violating plaintiff's constitutional rights.

64. The individually named police officer defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

## SIXTH CAUSE OF ACTION

### Municipal Liability under 42 U.S.C. § 1983

65. The plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked 1 through 64 with the same force and effect as if more fully set forth at length herein.

66. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of defendant City of New York, which is forbidden by the Constitution of the United States.

67. The aforementioned customs, policies, usages, practices, procedures and rules of defendant City of New York and the New York City Police Department included, but were not limited to policies, customs and practices of deliberate indifference about the fact that New York City Police Officers arrest people for trespass without probable cause when they are lawfully visiting tenants of apartment buildings located with the City of New York, as well as inadequate screening, hiring, retaining, training, and supervising its employees with respect to this issue.

68. The aforementioned customs, policies, usages, practices, procedures and rules of defendant City of New York and the New York City Police Department were the moving force behind the violation of plaintiffs' constitutional rights as describer herein. As a result of

the failure of defendant City of New York and the New York City Police Department to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant City of New York has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

69. The foregoing customs, policies, usages, practices, procedures and rules of defendant City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff as alleged herein.

70. The foregoing customs, policies, usages, practices, procedures and rules of defendant City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

71. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff was unlawfully arrested.

72. Defendants collectively and individually, while acting under color of state law were directly and actively involved in violating plaintiff's constitutional rights.

## JURY DEMAND

73. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for relief as follows:

That the jury find and the Court adjudge and decree that plaintiff Dominick Walters shall recover compensatory damages in the sum of $1,000,000 against the individual defendants and the City of New York, jointly and severally, together with interest and costs; and

punitive damages in the sum of $1,000,000 against the individual defendants, jointly and severally.

       a.       That the plaintiff recover the cost of the suit herein, including reasonable attorneys fees pursuant to 42 U.S.C. § 1988.

       b.       That the plaintiff have such other and further relief as the Court shall deem just and proper.

Dated:    New York, New York
            June 27, 2011

By: _____
STUART E. JACOBS
DAVID M. HAZAN
JACOBS & HAZAN, LLP
Attorneys for Plaintiff
22 Cortlandt Street, 16th Floor
New York, NY 10007
(212) 419-0363